UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

SHANE ANTHONY PERRY,

    Plaintiff,

v.

SAN FRANCISCO PUBLIC DEFENDERS OFFICE; Managing Public Defenders REBECCA YOUNG and ROBERT DUNLAP; and Public Defender SUJONG KIM,

    Defendants.

No. C 10-0660 PJH (PR)

**ORDER OF DISMISSAL**

Plaintiff, an inmate at the San Francisco County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## BACKGROUND

Plaintiff asserts claims against public defenders arising out of their alleged failure to adequately defend him on pending criminal charges.

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*:: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Defendants are public defenders. Public defenders acting as attorneys for criminal defendants do not act under color of state law, an essential element of an action under § 1983. *Tower v. Glover*, 467 U.S. 914, 919-920 (1984); *Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981). Because no amendment could cure this defect, this case will be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (district courts must afford pro se prisoner litigants an opportunity to

2

amend to correct any deficiency in their complaints, unless no amendment could save the complaint).

## CONCLUSION

For the foregoing reasons, plaintiff's claims are **DISMISSED** with prejudice.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  March 23, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.10\PERRY0660.DSM.wpd